# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TRUSTEES OF OHIO BRICKLAYERS
HEALTH  & WLEFARE FUND, et al.,

          Plaintiffs,

          vs

CENTRAL MASONRY, INC.,

          Defendant.

Case No. 1:13-cv-135

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

The Plaintiffs Trustees of the Ohio Bricklayers Health and Welfare fund and the Trustees of the Ohio Bricklayers Pension Fund are trustees of multi-employer plans pursuant to ERISA.  Defendant Central Masonry, Inc. is a signatory to the collective bargaining agreements attached to the amended complaint as Exhibits 1 through N. (Doc. 11 at ¶9; Declaration of Ken Kudela at ¶2).  This civil action is before the Court on Plaintiffs' motion for default judgment.  (Doc. 22).  The motion has been referred to the undersigned magistrate judge pursuant to local practice. *See* 28 U.S.C. § 636(b)(1)(A). I now recommend that Plaintiffs' motion be granted.

### I.  Background

Plaintiffs initiated this litigation on February 26, 2013, alleging that Defendant has failed to make employee pension fund contributions as required by the terms of a Collective Bargaining Agreement, Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) and Section 301 of the Labor Management Relations Act of 1947 (LMRA), as amended 29 U.S.C. § 185(a).

On March 11, 2013 summons was returned as executed against Defendant Central Masonry. When Defendant failed to timely answer, the Clerk of Court filed an entry of default pursuant to Rule 55(a), Fed.R.Civ.P. (Doc. 8). Thereafter, Plaintiffs filed the instant motion for default judgment under Rule 55(b) against Central Masonry. Defendant has failed to file any response to the motion for default judgment or otherwise appear in this action.

## II. Analysis

Plaintiffs are Trustees of the Ohio Bricklayers Health and Welfare Fund and the Ohio Bricklayers Pension Fund.  Defendant is a member of the union and therefore subject to the collective bargaining agreement ("CBA"). The Funds are multi-employer plans under Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), which are maintained pursuant to the collective bargaining agreements between Central Masonry, Inc. and multiple local bricklayer unions.  Plaintiffs' complaint alleges that Defendant is liable for delinquent fringe benefit contributions required to be paid under the CBA between the Funds and Defendant.

Plaintiffs now seek default judgment for a sum certain-a fixed, calculable amount of contributions owed for the period March through September 2012, plus attorney fees and costs for a total sum of $20,888.68.  In support of their motion, Plaintiffs have submitted the affidavit of Ken Kudela, the director of the Ohio-Kentucky Bricklayers and Allied Craftworkers Administrative District Council.  (Doc. 22, Kudela Aff.).

Rule 55(b) (1) provides:

> If the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount

and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

*Id.*  In addition, Rule 55(b)(2) provides for entry of default judgment by the court upon application "[i]n all other cases," where additional investigation or hearing is required, such as where the claim is not for a sum certain, or where the defaulting party is a minor or incompetent person, or where the party against whom a default judgment is sought has appeared personally or by a representative.

Plaintiffs have requested judgment against Defendant Central Masonry for the sum certain of $20,888.68, comprised of $15,600.62 in delinquency assessments and $5,288.06 in attorney fees and costs.  The affidavit submitted by the two trust funds support the claimed amount.  Plaintiffs' counsel has also filed an affidavit to support the request for costs and fees (Doc. 22, Goldstein Aff.), which the undersigned also finds to be reasonable.

In short, the Court has reviewed Plaintiffs' request for default judgment and is satisfied of the following in accordance with Rule 55(b)(1) and (b)(2), Fed.R.Civ.P.: (1) that Plaintiffs' claim is for a sum certain; (2) that the Defendant is not a minor and is not incompetent; and (3) that Defendant has not appeared personally or by counsel. Therefore, Plaintiffs' motion should be granted and a judgment should be entered against Defendant. *Accord Ironworkers District Council of So. Ohio & Vicinity Benefit Trust v. Reinforcing Services Co., LLC,* Case No. 3:09–cv–067, 2009 WL 4154905 (S.D.Ohio, Nov.20, 2009) (holding that amount of unpaid employer contributions, interest, and liquidated damages were sums certain that could be included in default judgment brought by plans against employer who signed CBA).

**III. Conclusion and Recommendation**

Accordingly, **IT IS RECOMMENDED THAT:**

1. Plaintiffs' motion for default judgment (Doc. 22) be **GRANTED;** and that

2. Judgment be entered against Defendant in amount of $15,600.62 in delinquency assessments and $5,288.06 in attorney fees and costs for a total amount of $20,888.68; as damages are a sum certain and Affidavits supporting the amount due have been submitted and reviewed.

 _s/ Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TRUSTEES OF OHIO BRICKLAYERS
HEALTH  & WLEFARE FUND, et al.,

        Plaintiffs,

        vs

CENTRAL MASONRY, INC.,

        Defendant.

Case No. 1:13-cv-135

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).